**Maxine R. RICHTER, on behalf of herself and all others similarly situated; et al., Plaintiffs—Appellants,**

v.

**MUTUAL OF OMAHA INSURANCE COMPANY, Defendant— Appellee.**

No. 07–55272.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2008.

Filed July 23, 2008.

Sherril Nell Babcock, Esq., Gianelli & Morris, Los Angeles, CA, Stuart B. Esner, Esq., Stuart B. Esner, Esq., Esner &

Chang, Pasadena, CA, for Plaintiffs–Appellants.

James J. Moak, Esq., Thelen Reid Brown Raysman & Steiner, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

MEMORANDUM *

Plaintiffs–Appellants filed a class action alleging that Defendant–Appellee Mutual of Omaha Insurance Company ("Mutual of Omaha") breached their health insurance contracts, engaged in unfair competition, and breached the covenant of good faith and fair dealing by non-renewing coverage in May 2003, and then providing coverage to a Washington, D.C.-based volunteer organization with members in California only two years later. The district court entered summary judgment in favor of Mutual of Omaha on all claims. We review the district court's decision de novo, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), and we affirm.

I.

Appellants claim that Mutual of Omaha breached their insurance contracts by prematurely reentering the California insurance market in violation of 42 U.S.C. § 300gg–42 ("Federal HIPAA") and California Insurance Code §§ 10273.4 and 10273.6 ("California HIPAA"). We disagree. No rational trier of fact could find that Mutual of Omaha reentered the Cali-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

428

fornia market by issuing insurance to the Washington, D.C.-based National Association of Service and Conservation Corps, and there is no evidence of any other reentry. Because Mutual of Omaha did not violate Federal or California HIPAA, the contract claim necessarily fails.

## II.

Appellants argue that Mutual of Omaha also violated the covenant of good faith and fair dealing by violating Federal and California HIPAA. This claim fails because it is predicated on the erroneous assumption that a breach of contract occurred.

## III.

Finally, Appellants contend that Mutual of Omaha engaged in unfair competition by violating Federal and California HIPAA. We reject the portion of the claim that rests on Federal HIPAA and § 10273.6 of California HIPAA because Mutual of Omaha did not violate those statutes. *See supra* § I. The portion that rests on § 10199.1 of California HIPAA fails because that statute requires only notice of the termination of coverage to the "appropriate insurance producer ... *if any.*" Cal. Ins.Code § 10199.1(a) (emphasis added). There is no genuine dispute that no such producer existed for Appellants' policies.

AFFIRMED.